IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WHIRLPOOL CORPORATION and WHIRLPOOL PROPERTIES, INC., §§§§§ *Plaintiffs*, v. SHENZHEN SANLIDA ELECTRICAL TECHNOLOGY CO., LTD. and SHENZHEN AVOGA TECHNOLOGY CO. LTD., *Defendants*. | Case No. 2:22-CV-00027-JRG-RSP |

## REPORT AND RECOMMENDATION

Before the Court defendants Shenzhen Sanlida Electrical Technology Co. Ltd., and Shenzhen Avoga Technology Co. Ltd. move to dismiss federal causes of action under the Lanham Act pursuant to Federal Rule of Civil Procedure 12(b)(6) and Texas trademark causes of action under 28 U.S.C. §1367(c). Having considered the motion, it is RECOMMENDED that the motion be **DENIED**.

Plaintiffs allege that defendants have infringed US design marks Reg. Nos. 1,711,158 and 5,510,871 and further allege infringement of unregistered trade dress rights (collectively "marks in suit"). Dkt. No. 1 ¶¶ 33-44. Defendants' motion includes evidence beyond the complaint, which is improper under 12(b)(6). Even if the Court were to entertain the evidence, the motion fails.

Defendants argue that the marks in suit are invalid as functional because a pedestal connecting a base to a mixing head is necessary for the functionality of a mixer. Dkt. No. 59 ECF pp 12-13, 17-19. 27-30. However, this bare description of the marks in suit leaves out the curves of the base and pedestal and bullet-shaped mixer head. Defendants also cite to US Patent No. 2,185,155 to argue that the bullet-shaped mixer head increases heat transfer away

from the motor. *Id*. at ECF pp 13-14. However, the portion of the specification on which defendants rely describes air flow internal to the mixer head through front and back openings facilitated by an internal fan without mention of the bullet-shape of the mixer head. US Patent No. 2,185,155, p 3 1:5-24. Defendants then cite to U.S. Patent 10,098,505 for additional functionality. Dkt. No. 59 ECF pp 14-15. However, such functionality may be dressed in a variety of non-infringing manners. Compare marks in suit, with Dkt. No. 6 ECF p 21.

Defendants then assert a position akin to patent prosecution history estoppel because during the prosecution "electric food preparation machines; electric beaters; electric mixers; [and] electric egg mixer" was removed from the listing of goods related to the mark. Dkt. No. 59 ECF pp 16-17. "[T]he weight of authority indicates that prosecution-history estoppel does not apply in trademark disputes." *Le-Vel Brands, LLC v. DMS Natural Health, LLC.*, No. 4:20-cv-398-SDJ, 2021 WL 3048445, *4-5 (E.D. Tex. July 20, 2021) (compiling cases). Even if it were applicable, the remaining goods related to the marks in suit include "[m]achines for ... mixing or peeling food," which encompasses the accused products.

Defendants also argue that the complaint fails to plausibly allege likelihood of confusion. "At the motion to dismiss stage, the court—without having to consider each factor—asks only whether there are sufficient facts to state a plausible claim of consumer confusion." *Varsity Spirit LLC v. Varsity Tutors, LLC*, No. 3:21-CV-0432-D, 2022 WL 1266030, at *6 (N.D. Tex. Apr. 28, 2022) (citing among others *Jim S. Adler, P.C. v. McNeil Consultants*, L.L.C., 10 F.4th 422, 430 (5th Cir. 2021)). Nonetheless, this Court has twice evaluated the likelihood of confusion and in each instance found in favor of the plaintiffs. Dkt. No. 18 ECF p 2; Dkt. No. 32 ECF pp 6-7. Further, defendants' attempt to compare their word marks against plaintiffs' trade dress mark, Dkt. No. 59 ECF pp 20-22, is irrelevant to the complaint.

Defendants further seek dismissal of federal unfair competition and trademark dilution claims based upon the proposition that the marks in suit are not protectable. Dkt. No. 59 ECF pp 30. The Court is not persuaded at this stage in the proceedings that the marks in suit are not protectable. Similarly, defendants seek dismissal of the state law claims in the absence of Lanham Act claims pursuant to 28 USC § 1367(c). *Id*. at ECF pp 30-31. The complaint clearly, adequately, and sufficiently pleads claims under the Lanham Act, for which the exercise of supplemental jurisdiction of the state law claims is justified.

For the reasons expressed above, it is the RECOMMENDATION of the undersigned that defendants' motion to dismiss, Dkt. No. 59, be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Supplemental Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 22nd day of June, 2023.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE