IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WHIRLPOOL CORPORATION *et al.*, § <br> § <br> *Plaintiffs*, § <br> § <br> v. § <br> § <br> SHENZHEN SANLIDA ELETRICAL § <br> TECHNOLOGY CO., LTD. *et al.*, § <br> § <br> *Defendants*. § | CIVIL ACTION NO. 2:22-cv-00027-JRG-RSP |

### REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss Defendants' Counterclaims filed by Plaintiffs Whirlpool Corporation *et al.* **Dkt. No. 96**. Within the Motion, Whirlpool seeks to dismiss Counts I and III of Defendants' Counterclaims pursuant to Rule 12(b)(6). *Id.* Defendants opposed the motion with a response. Dkt. No. 97.

### I.   LEGAL STANDARD

**A.  Rule 12(b)(6)**

A party may move to dismiss an action when the complaint fails "to state a claim upon which relief can be granted . . . ." FED. R. CIV. P. 12(b)(6). A complaint states a sufficient claim if it gives the defendant "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis in original) (citations omitted).

When considering a Rule 12 motion to dismiss, a court accepts "all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiff." *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (citation omitted). The court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v.*

1

*Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted). The court must then decide whether those facts "state a claim that is plausible on its face." *Bowlby*, 681 F.3d at 219. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Bell Atl.*, 550 U.S. at 556).

### B. Unfair Competition

"Unfair competition under Texas law is the umbrella for all statutory and nonstatutory causes of action arising out of business conduct which is contrary to honest practice in industrial or commercial matters." *Taylor Pubs. Co. v. Jostens, Inc.,* 216 F.3d 465, 486 (5th Cir.2000) (citing *American Heritage Life Ins. Co. v. Heritage Life Ins. Co.,* 494 F.2d 3, 14 (5th Cir.1974)). To prove unfair competition under Texas law, the plaintiff must show that (1) the accused actually committed a recognized tort or illegal act, and that (2) the wrongful conduct interfered with the plaintiffs' ability to conduct its business. *See Taylor,* 216 F.3d at 486. The illegal act may include, but is not necessarily limited to an independent tort. *See id.* ("Without some finding of an independent substantive tort or other illegal conduct, we hold that liability cannot be premised on the tort of 'unfair competition.'").

2

### C. Antitrust

"To state a claim for monopolization under Section 2 of the Sherman Act, a plaintiff must show 'that the asserted violator 1) possesses monopoly power in the relevant market and 2) acquired or maintained that power willfully, as distinguished from the power having arisen and continued by growth produced by the development of a superior product, business acumen, or historic accident.'" *Gurrola v. Walgreen Company*, 791 F. App'x 503, 504–505 (5th Cir. 2020) (quoting *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 522 (5th Cir. 1999)).

Further, Section 2 of the Sherman Act makes it a crime for any person to "attempt to monopolize . . . any part of the trade or commerce among the several States, or with foreign nations[.]" 15 U.S.C. § 2. An attempted monopolization claim consists of three elements: (1) the defendant engaged in predatory or anti-competitive conduct; (2) with the specific intent to monopolize; and (3) with a dangerous probability of attaining monopoly power. *Taylor*, 216 F.3d at 474 (citing *Spectrum Sports, Inc. v. McQuillian*, 506 U.S. 447, 456 (1993)).

## II.   ANALYSIS

Plaintiff originally moved for dismissal of Counts I and III of the Counterclaims, but in reply drops the request for dismissal of Count I. Dkt. No. 96 at 26; Dkt. No. 98 at 4. Accordingly, the Court recommends that Whirlpool's Motion to Dismiss Count I be **DENIED AS MOOT**. Remaining for consideration is the dismissal of Defendants' Count III.

Both parties agree that Count III is an unfair competition claim governed by the standard discussed above. *See* Dkt. No. 96 at 13; Dkt. No. 97 at 5. Whirlpool asserts that Defendants have not alleged an underlying tort as required by the elements expressed in *Taylor*. Dkt. No. 96 at 13–14. This argument is predicated on this Court finding "Defendants do not plausibly establish antitrust violations or sham litigation." Dkt. No. 96 at 14. Defendants respond that the standard

has been met by citing their counterclaims but do not contest that the underlying illegal acts alleged are the antitrust violation claims. Dkt. No. 97 at 5–6; *see* Dkt. No. 94 at 29–30, 31–33.[1] The Court evaluates whether Defendants have adequately stated a claim for antitrust violation.

The closest Defendants come to citing factual support for the claims is in reference to "sham litigation" tactics and vague references to the success of the SM 1522 product upon which this action is based. *See* Dkt. No. 94 at 28–29. Defendants' claim for unfair competition is seemingly derived from Whirlpool's efforts to enforce their trademark registration. *See* Dkt. No. 94 at 29. Particularly, Defendants reference lawsuits brought by Whirlpool in 2001 and 2007. *Id.* Additionally, Defendants assert that the current litigation is an attempt to "utilize its trademark registrations as an impenetrable shield for its wrongful conduct." Dkt. No. 97 at 8. Whirlpool asserts that the *Noerr-Pennington* doctrine shows that efforts to enforce trademark registration are not wrongful conduct. Dkt. No. 96 at 15–16 (referencing *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 192 F. Supp. 2d 519, 530 (M.D. La. 2011)). Defendants assert that the instant lawsuit falls within the "sham lawsuit exception." Dkt. No. 97 at 7–9.

Whirlpool's efforts to enforce their trademark registration as pleaded are not sufficient to support claims for monopolization or attempted monopolization. *Prof'l Real Estate Invs., Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 56, 60 (1993); *Castro v. Entrepreneur Media, Inc.*, 2011 WL 13234330, at *5 (W.D. Tex. 2011); *see Clorox Co. v. Sterling Winthrop, Inc.*, 117 F.3d 50, 61 (2nd Cir. 1997); *Tricon Precast, Ltd. v. Easi Set Indus., Inc.*, 395 F. Supp. 3d 871, 883 (S.D. Tex. 2019); *cf. Bayou Fleet, Inc. Alexander*, 234 F.3d 852, 861 (5th Cir. 2000). The Court is unpersuaded that three referenced lawsuits across a nearly twenty-year timeline demonstrate

---

[1] Defendants also reference their functionality defense in asserting that the underlying tort or illegal act element is met. *See* Dkt. No. 97 at 5. Defendants do not cite any authority, nor provide any reasoning as to how the functionality claims can serve as the predicate underlying tort or illegal act for the unfair competition claim. Accordingly, the Court need not address the passing reference in evaluating Count III for dismissal.

"sham" activities. Nor, in light of this Court's and the Fifth Circuit's previous rulings in this action, is it persuasive that the current lawsuit is merely an attempt to "harass and hinder a competitor." *See* Dkt. Nos. 18, 23, 32, 37; *Barq's Inc. v. Barq's Beverages, Inc.*, 677 F. Supp. 449, 451 (E.D. La. 1987).

Absent references to the prior litigation and the current litigation, Count III does not contain any facts, even taken as true, that are not otherwise recitations of elements required to enforce Section 2 of the Sherman Act. *See* Dkt. No. 94 at 31–33. Nor do Defendants clarify in response to this Motion where facts supporting the elements can be found. *See* Dkt. No. 97 at 6–13. Instead, Defendants cite to paragraphs 67–77 of the counterclaims, which either reference the litigation as the anticompetitive actions or merely recite the required elements needed for monopolization claims, to allege that the pleadings are sufficient to survive dismissal. *Id.* The Court finds that there are not "enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Bell Atl.*, 550 U.S. at 556).

Accordingly, the Court finds that an unfair competition claim has not been sufficiently pleaded. "Count III: Unfair Competition," without references to litigations, contains only threadbare recitations of the requisite elements for a monopolization or attempted monopolization claim. *Id.* at 31–33. A mere recitation of the elements, framed as factual proof, is not enough to meet the standard set by *Twombly* and *Iqbal*. Finding that claims for monopolization and attempted monopolization under Section 2 of the Sherman Act have not been pleaded, it follows that the underlying tort or illegal conduct required to satisfy a claim for unfair competition has not been met. Accordingly, it is recommended that Whirlpool's Motion be **GRANTED IN PART** and Count III of Defendants' counterclaims be dismissed.

### III.  CONCLUSION

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 5th day of March, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE